CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 24 2025

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

Ricky J. Johnson # 1124129
(Enter above the full name and prisoner identification number of the plaintiff, GDC number if a state prisoner.)

-vs-

1:25-CV-0328

GEO Group ; HSA
(FNU) Colman; (FNU) Warden Pham;
Tyrone Oliver, Comm'r. Ga. D.O.C.; Unknown Private Prison Medical provider,
(Enter above the full name of the defendant(s).) Unknown Doc. Medical provider,
John Doe, Ga. D.O.C. Dentist/s; Unknown grievance officer;
Unknown State contract monitor

I. **Previous Lawsuits**
   A.    Have you filed other lawsuits in federal court while incarcerated in any institution?

           Yes (X)     No ( )

   B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.    Parties to this previous lawsuit:

            Plaintiff(s): Please see attached pages 13-14

            Defendant(s): _____

       2.    Court (name the district): _____

       3.    Docket Number: _____

Rev. 12/5/07

1

**I.    Previous Lawsuits (Cont'd)**

4. Name of judge to whom case was assigned: Tilman Self, III

5. Did the previous case involve the same facts?

    Yes ( )    No (X)

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Jury trial as to DOC Med. Div. Sharon Lewis; Pending Appeal as to Def. Kevin Marker

7. Approximate date of filing lawsuit: 2017

8. Approximate date of disposition: 2024

**II.   Exhaustion of Administrative Remedies**

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

A. Place of Present Confinement: Riverbend Corr. Facility

B. Is there a prisoner grievance procedure in this institution?

    Yes (X)    No ( )

C. Did you present the facts relating to your complaint under the institution's grievance procedure?

    Yes (X)    No ( )

D. If your answer is YES:
   1. What steps did you take and what were the results? I have filed three grievances and received no response. Instead, I was twice called for an interview with Defendant HSA Coleman. Upon not receiving a response I wrote Defendant Comm'r. DOC with no result.
   2. If your answer is NO, explain why not: N/A

Rev. 12/5/07

### III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: Ricky J. Johnson

Address(es): 198 Laying Farm Rd., Milledgeville, Georgia 31061

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): Geo Group Inc. , HSA (FNU) Colman Tyrone Oliver, Comm'r, Ga. D.O.C.; John Doe D.O.C. Dentist(s); D.O.C. Contract Monitor Dentist at Riverbend C.F

Employed as Contractor's for Georgia Dept. of Corr

at Riverbend Corr. Facility, 196 Laying Farm Rd., Milledgeville, Ga 31061; and The Geo Group Inc. 4955 Technology Way, Boca Raton, Fla 33431

### IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Upon arrival at Ga. D.O.C. my dental condition was good. Since that time I have had to remove nearly half of my teeth. I have been informed the cause is due to abfraction. Due to lack of treatment my condition has been steadily worsening requiring extraction of more teeth.

While awaiting treatment at Coffee CF I was transferred to Riverbend CF. Shortly after arrival my mouth became abcessed. I was prescribed amoxycy-llin, however that medicine was never provided

Rev. 12/5/07

## IV. Statement of Claim (Cont'd)

I submit that the Defendants in this action engaged in a conspiracy to deprive Plaintiff (and other inmates) dental treatment in violation of State and Federal law, including the Americans with Disability Act, (ADA) and Rehabilitation Act. Also, by refusing to respond to my several grievances and medical requests Defendants have conspired to hinder my access to the Court in a competent fashion. Each Defendant is addressed in turn.

1.) Geo Corp. - Geo Corp. operates Riverbend CF and has contracted with Ga. D.O.C. to hold prisoners. That contract requires GEO to provide dental treatment to prisoners. For nearly 8 months from 2022-2023 there was no dentist or dental treatment at Riverbend. As a result, I suffered excruciating painful condition in the form of an abscessed tooth which, due to lack of treatment or medicine, burst in my sleep. I became violently ill due to inadvertently swallowing the puss. Had GEO had a dentist I would not have suffered unnecessarily.

2.) Unknown Medical Provider - GEO has, upon information and belief, a company under contract to provide dental care to inmates. For the 8 months subsequent to my arrival at Riverbend there was no dental service at all. In addition to allowing me to

(continued on pages 6 through 12)

## V. Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

1. I would like to have my prescribed oral surgery performed.

2. I am seeking compensatory and punitive damages in an amount in excess of one hundred thousand dollars ($100,000.00) from each defendant. A more specific amount will be made upon receipt of the financial instruments to cover such claims if this case proceeds to discovery phase.

Rev. 12/5/07

V. **Relief (Cont'd)**

3. Due to the large number of prisoners affected by the actions/omissions of Def. Geo Corp. at Riverbend I intend to seek class certification for this suit. Because the witnesses are here I request an injunction issue preventing my transfer, especially retaliatory transfer to the close security facilities which have been determined by the Dept of Justice as in violation of the 8th Amendment. Please see DOJ "Investigation of Georgia Prisons" dated October 1, 2024 — U.S. Attorneys offices for the Northern, Middle and Southern District of Georgia.

Signed this __7th__ day of __January__, 20__25__.

_____
Signature of Plaintiff

STATE OF __GEORGIA__
COUNTY (CITY) OF __BALDWIN__
(Milledgeville)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON __1-7-25__
(Date)

_____
Signature of Plaintiff

Ricky J. Johnson #1124129
196 Laying Farm Rd.
Milledgeville, Ga

Rev. 12/5/07

suffer excrutiating pain, the result of these Defendants action has resulted in further deterioration of my remaining teeth and jawbone.

3) Defendant (FNU) Colman was the Health Services Administrator at Riverbend C.F. during the relevant time period of events leading to this suit. In that capacity, Def. Colman had a duty to ensure inmates at Riverbend C.F. receive adequate medical and dental treatment.

After submitting numerous requests for dental treatment and filing grievances, I was summoned to Def. Colman's office. Mr. Colman requested on both occasions that I drop my grievances and if I did, I would receive treatment. I declined to do so and informed Def. Colman that once I received my treatment, I would be more than happy to drop my grievance. To this day, I have received no treatment. Other inmates who agreed to drop their grievance did receive treatment.

In addition to violating my 8th Amend

ment right against cruel and unusual punishment the acts and omissions of Def. Colman violated my 1st Amendment right to seek redress of my grievance(s).

4) Unknown D.O.C. Contract Monitor. The Ga. D.O.C. assigns a "contract monitor" to each private prison to ensure compliance with the terms of it's contractural obligations, including providing medical and dental treatment to prisoners.

 From the time period of November, 2022 through June, 2023 there was no dentist on staff at Riverbend C.F., nor were any provisions made to provide dental treatment to inmates, including Plaintiff during this time.

 Despite being fully aware that Geo Corp. was in breach of it's contractural obligations to provide dental care to inmates, contract monitor took no action, despite his/her duty to do so.

 Due to this deliberate indifference ~~to take~~ Plaintiff received no treatment for his dental condition(s).

7

5) Unknown Grievance Officer. There is a grievance officer whose duty it is to address and resolve properly presented grievances of inmates. Despite filing several grievances related to the lack of dental treatment, the grievance officer failed to address/resolve any of them. Upon information and belief, grievance officer conspired with Def. Colman to prevent inmates, including Plaintiff, from exhausting administrative remedies and to have the issue of dental treatment resolved.

    The result of the acts and omissions of grievance officer violates Plaintiff's 8th Amend. right against cruel and unusual punishment, 1st, 14th Amend right to seek redress through the grievance process. Also, the failure to respond to my grievance has significantly hindered my ability to access the court in a timely fashion in violation of my 5th, 6th and 14th Amend. rights. Had the grievance officer addressed my grievances there is a strong presumption that I would not have suffered uneccessarily nor experience the continued deterioration of my remaining teeth.

6) Unknown Dentists Employed by Ga. D.O.C. and/or Their Medical Providers.

    In the course of my over 16 years of incarceration I have been under the care of several dentist at Wilcox SP, Hays SP, Ware SP, Jenkins CF, Coffee CF and presently Riverbend CF.[1] Each dentist examined my condition (abfraction) and refused or failed to provide any treatment until such time as my teeth deteriorated to the point they had to be removed. The only exception is the dental department at Coffee CF.

7) (FNU) Ruth (sic) is the present dentist at Riverbend CF. Def. Ruth examined my dental condition and prescribed a round of antibiotics due to re-infection/abcess. Def. Ruth

---

1. Each of these transfers were preceded by the filing of grievances and/or complaints filed with the courts. Plaintiff submits that these have been retaliatory transfers, and serve to "chill" my 1st Amend. right to seek redress or file complaints

9

informed me that my condition now required the services of an oral surgeon and that off-site surgery would be scheduled. As of this date I have not been seen or treated by anyone since that time. As a result my condition remains painful, making eating difficult. My teeth and jawbone are deteriorating as well.

    This failure to treat my condition violates the Americans With Disabilities and Rehabilitation Acts as well as the 8th Amendment to the U.S. Constitution.

8) Defendant Angela Pham is the Warden at Riverbend CF during the relevant time period. As Warden, Def. Pham is responsible for the orderly operation of this facility and the well being of inmates in her care. The grievance process is included in the orderly operation of the facility as is a fully functional dental department. As set forth above, para's 4 and 5 neither dept. was functioning in accordance with the policies and procedures

set forth in their Handbook's rules and regulations or the contract with Ga. D.O.C.

Upon information and belief, Def. Pham was aware of the fact that there was no dentist nor dental hygenist at this facility from Nov. 2022 until June 2023, and took no action to ensure that prisoners under her care received treatment for their dental conditions.

Def. Pham also knew, or should have known, that the grievance process was failing to address Plaintiff's concerns and took no action or corrective measure's to address the problem's.

Plaintiff's unnecessary pain, and suffering due to his dental condition and continued deterioration of his teeth and jawbone is a direct result of Def. Pham's failure to address the dental dept. and grievance procedures at Riverbend CF.

9) Defendant Tyrone Oliver is the Commissioner of Ga. Dept. of Corr. In that capacity Def. Oliver is responsible for the Operation of all D.O.C. facilities as well as ensuring that private

prison facilities maintain compliance with their contractual responsibilities. Additionally, it is the Commissioner to whom inmates turn to when the facility grievance procedure fails as is the case here.

On March 10, 2023 I appealed to Def. Oliver the issue of no dental treatment at Riverbend C.F. I also attached a copy of my grievance filed on 12/6/22. That letter/appeal and grievance is attached as Ex. 1 and Ex. 2.

Def. Oliver failed to take any action even though he was made aware of all the allegations contained in this action. As a result of the inaction of Def. Oliver I have experienced unecessary pain and suffering and my dental condition continues to deteriorate.

I believe and allege that these Defendant's maintain an unwritten policy of delaying/denying preventive dental care, such as fillings, crowns, denture's etc., and that dental care is primarily extraction of teeth as opposed to maintaining them.

Previous Lawsuit History

1. Ricky J. Johnson v Forsyth Cty Bd of Commr's, et al; Civil Action No. 2:14-cv-00173 ; Richard W. Story, Judge; Filed: ; Status: Pending in U.S.C.A No. 21-10447

2. Ricky J Johnson v. Sharon Lewis, et al; Civil action No. ; Tillman Self, III, Judge; Filed ; Status: Pending in U.S.C.A. No. 20-10150

3. Johnson v. Hall Co. Bd of Commr's, Steve Cronic, et al, Civil Action No. 2:10-cv-164-WCO; Judge William C. O'Kelly, Filed 8/24/2010; Status: Dismissed on 7/11/2011

4. Johnson v. Greenville Co., et al; Civil Action No. 0:06-cv-3247-HFF; Judge-Unknown; Filed 11/17/2006; Status: Dismissed on 3/18/2008

5. Johnson v. Abercrombie, et al; Civil Action No. 1:04-cv-3461-WSD; Judge-Unknown; Filed 11/22/04; Status: Dismissed on 1/25/2005

6. Johnson v. Trifilo; Civil Action No. 4:11-cv-114-HLM; Judge-Unknown; Status: Dismissed on 8/1/2011

Previous Lawsuit History (continued)

7. Suit was filed in the Eastern District of Wisconsin approximately August 2004; No further information available

State Actions

8. Ricky J. Johnson v. Core Civic, Inc. Qui Tam action under the Ga. Taxpayer Protection Act; Filed                    ; No information available at this time

9. Ricky J. Johnson v. Danny L. Reid, Reid and Reid Contractors, LLLP; Civil Action No. 18-CV-1572-3; Filed on (unknown) in Forsyth Co. Superior Ct.; Tort; Status: Voluntary withdrawal.

10. Ricky J. Johnson v Connie L. Brooker, et al, 14-CV-235-2 Filed in Forsyth County Superior Ct on (unknown); Mandamus; Status: Voluntary withdrawal.

14

Exhibit "1"

Commissioner, Ga.　　　　Re: Grievance appeal
Dept of Corrections
Office of Prof. Standards
P.O. Box 1529
Forsyth, Ga 31029

March 10, 2023

Dear Sir,

　　I have enclosed for your review a grievance I filed on 12/6/22. I have received no response to this grievance. The issue involved is an 8th Amendment medical deliberate indifference claim. Under the Prison Litigation Reform Act (P.L.R.A), to file a claim under 18 U.S.C. §1983 a prisoner must first exhaust administrative remedies to access the Federal Court.

　　It is presently my intention to seek redress via 1983 complaint. I do so reluctantly because I have two such claims pending. See, Ricky Johnson v. Dr. Sharon Lewis, et al., 11th Cir. Ct. of Appeals No.: 20-10150-D and Ricky Johnson v Ted Paxton, et al, Appeal No. 21-10447-cc U.S. Court of Appeals for 11th Circuit.

Exhibit "1"

Please consider this letter as my effort to exhaust my administrative remedies as required by the P.L.R.A.

It is worth pointing out that there is no dentist at this facility, nor has there been one since October, 2023. This is likely a breach of contract and subject to suit under the taxpayer protection act. See, O.C.G.A. 23-3-120 et seq.

I wish to avoid resorting to the Courts and will waive these claims if I can return to Coffee C.F. and the Dental Dept. There. They are familiar with my dental condition & had a good plan for treatment.

Thank you in advance for your valuable time and any consideration in this matter.

I am...
Respectfully,

Ricky J. Johnson, #1124129
196 Laying Farm Rd
Milledgeville, Ga 31061

2 of 2

SOP 227.02
Attachment 1
5/10/19

CONFIDENTIAL    Exhibit "2"

## Offender GRIEVANCE FORM (Facsimile)

**INSTITUTIONAL STAFF USE ONLY**

OFFENDER NAME  Johnson, Ricky      OFFENDER NUMBER  1124129

INSTITUTION  Riverbend Correctional and Rehabilitation Facility   GRIEVANCE NUMBER _____

DATE COMPLETED FORM RECEIVED FROM OFFENDER  12 / 6 / 22  BY

_Juaro_ _____

DATE APPEAL RECEIVED ___/___/___ BY _____

---

YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 11-14-22, I was prescribed amoxycillin for an abcessed tooth and naproxin for pain in my knee. As of this writing I have not received either one. As a result the abcess became enlarged & very painful. It finally burst causing me to swallow puss making me ill. Eating has been difficult. The condition in my knee has not improved & is painful as ever. I also have not received my blood pressure or thyroid medications since my return from court on 11-22-22. Levothyroxine & Lisinopril. I believe this facility is being indifferent to serious medical needs, especially the dental dept. Due to lack of blood pressure medications I am suffering from serious headaches again.

RESOLUTION REQUESTED:
I would like to receive my prescribed medications, & to be seen by a dentist. In the alternative please transfer me back to Coffee where I was under the care of the dental dept. for five years.

_Ricky Johnson_                  12-2-22
Offender Signature               Date

Is this grievance being filed within the 10-day time limit? Please answer Yes or No. If the answer is No, please explain why.

---

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME  Johnson, Ricky                GDC I.D. #:  1124129

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE INMATE.

DATE:  12 / 6 / 22   COUNSELOR'S SIGNATURE _____

Form PI-2001

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.