**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RICKY J. JOHNSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:25-cv-00067-CAR-CHW** |
| **v.** | : | |
| | : | |
| **GEO GROUP, INC.,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Ricky J. Johnson, a prisoner in Riverbend Correctional Facility (hereinafter "Riverbend") in Milledgeville, Georgia filed a complaint pursuant to 28 U.S.C. § 1983. ECF No. 1. Plaintiff has paid the filing fee. For the following reasons, Plaintiff's retaliation claim against Defendant Colman and his deliberate indifference to serious medical needs claim against Defendants Ruth and Colman shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED** without prejudice for failure to state a claim for which relief may be granted.

### PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

**I.    Standard of Review**

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding

IFP.   28 U.S.C. § 1915(e).   Both statutes apply in this case, and the standard of review is the same.   "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id*. (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.   "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc)..

## II.    Plaintiff's Allegations

Plaintiff complains that all of the Defendants have "engaged in a conspiracy to deprive Plaintiff (and other inmates) dental treatment". ECF No. 1 at 4. Plaintiff states that he was awaiting dental treatment at Coffee CF when he was transferred to Riverbend and that "shortly after arrival [his] mouth became abscessed". *Id*. Plaintiff complains that "from the time period of November, 2022 through June, 2023 there was no dentist on staff at Riverbend CF, nor were any provisions made to provide dental treatment to inmates, including Plaintiff during this time." *Id*. at 7. Plaintiff states that Defendant Ruth is the current dentist at Riverbend and Defendant Ruth "examined [his] dental condition and prescribed a round of antibiotics due to re-infection/ ab[s]cess" but the

"medicine was never provided".   *Id*. at 3 and 9.   Plaintiff further states that Defendant Ruth determined that Plaintiff "required the services of an oral surgeon" and advised Plaintiff that "off-site surgery would be scheduled".   *Id*. at 10.

Plaintiff states that Defendant Colman is the Health Services Administrator at Riverbend.   *Id*. at 6.   Plaintiff complains that on some unspecified date he met with Defendant Colman, and Colman refused to provide Plaintiff with dental treatment unless Plaintiff dismissed his grievances.   *Id*.   Plaintiff claims that he has received no treatment or surgery since he last visited with Defendant Ruth, that his "condition remains painful making eating difficult", and that his "teeth and jawbone are deteriorating".   *Id*. at 10. Plaintiff further alleges that none of his filed grievances have been resolved and that various Defendants have conspired or otherwise hindered his access to the grievance process "to prevent inmates including Plaintiff from exhausting administrative remedies and to have the issue of dental treatment resolved".   *Id*. at 8-9 and 11-12.   Plaintiff seeks injunctive relief, damages, and to "seek class certification".[1]   *Id*. at 4-5.

### III.   Plaintiff's Claims

---

[1] Courts have repeatedly held a *pro se* plaintiff is not an adequate class representative and may not litigate on behalf of others. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of his fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).

A.  Claims against Defendants Unknown Medical Provider, Defendant Unknown DOC Contract Monitor, Defendant Unknown Grievance Officer, Defendant Unknown Georgia Department of Corrections Dentists

As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  The one exception to this rule is when a plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  In other words, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

Plaintiff has not provided sufficient information to identify any unnamed defendant for service. As to the "unknown medical provider," Plaintiff alleges that "GEO has a company under contract to provide dental care to inmates," but he provides no additional information on who this company is among the numerous companies providing such services or how to locate them.  ECF No. 1 at 4.  As to "unknown D.O.C. Contract Monitor" and "Unknown Grievance Officer," Plaintiff posits that there is somebody who serves in these roles who may have been associated with Riverbend but provides no specific identifying information of who such a person might be, or where that person can be found, or even if there even was anyone serving in these roles during the timeframe in which the events giving rise to his claims occurred.  *Id*. at 7-8.  Finally, Plaintiff appears to be bringing claims against "Unknown Dentists employed by Ga. D.O.C. and/or their medical providers" for his various unspecified encounters with dentists at six different

prisons over a sixteen-year time span.[2] *Id*. at 9.   Plaintiff provides no information that would enable him to identify any of these "unknown" Defendants so that he could serve them with his lawsuit should any claim against them even survive frivolity review. Because the fictitious party claims against Defendants "Unknown Medical Provider", "Unknown D.O.C. Contract Monitor", "Unknown Grievance Officer", and "Unknown Dentists employed by Ga. D.O.C. and/or their medical providers" are insufficient to permit identification of any specific parties., it is **RECOMMENDED** that all claims against these Defendants be **DISMISSED without prejudice** for failure to state a claim.

### B. Defendants Commissioner Tyrone Oliver and Warden Pham

"It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing either that a supervisor personally participated in the

---

[2] It appears that even if Plaintiff did identify any of these dentists and medical providers, claims against them would be barred by the statute of limitations. The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury and for Georgia that is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003).   The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.   *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).   Plaintiff's claims as to any incident occurring more than two years prior to the date he submitted his complaint (January 7, 2025) are facially barred by the two-year statute of limitations unless Plaintiff can factually show equitable tolling is applicable to his claims.   *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Id.* at 762; *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff's claims against Defendants Oliver and Pham are grounded in their supervisory roles as Commissioner and Warden, respectively. ECF No. 1 at 10-12. Plaintiff fails to allege any facts that these Defendants had any direct or indirect involvement with any alleged violation of Plaintiff's constitutional rights. Furthermore, Plaintiff gives no factual basis for any claim that Defendants Oliver and Pham had knowledge about the events giving rise to his claims beyond Plaintiff's conjecture that they should have had such knowledge as prison supervisors and because of an unanswered letter that he sent to Defendant Oliver. *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"); *Green v. Hooks*, 798 F. App'x 411, 425 (11th Cir. 2020) (finding that "[w]e will not assume that because Green placed the letters in the internal prison mail system, the letters were delivered to and received by the prison officials prior to the assault. Consequently, those letters cannot serve as a basis for finding that Warden Hooks and Deputy Warden Brown were subjectively aware of any risk to Green"). Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants Oliver and Pham be **DISMISSED without prejudice** for failure to state a claim. *See, e.g., Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (holding dismissal is appropriate where a plaintiff "produced nothing, beyond his own conclusory allegations"); *Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (affirming district

7

court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

C. Conspiracy Claims

Though Plaintiff's Complaint does not include a separate conspiracy claim, it generally alleges that Defendants (in various combinations and at various times) conspired to violate laws and constitutional rights.   *See* ECF No. 1 at 4, 8, 12.   The Complaint states: (1) "the Defendants in this action engaged in a conspiracy to deprive Plaintiff (and other inmates) dental treatment" (*Id*. at 4); (2) that the "Defendants have conspired to hinder [Plaintiff's] access to the Court in a competent fashion" by refusing to respond to his grievances and requests (*Id*.); (3) that an "unknown grievance officer" "conspired with Def. Colman to prevent inmates, including Plaintiff, from exhausting administrative remedies and to have the issue of dental treatment resolved" (*Id*. at 8); and (4) that "[Plaintiff] believe[s] and allege[s] that these Defendants maintain an unwritten policy of delaying/ denying preventative dental care … and that dental care is primarily extraction of teeth as opposed to maintaining them" (*Id*. at 12).

Although a theory of a conspiracy (or multiple conspiracies) among Defendants underlies all of Plaintiff's claims, Plaintiff makes only vague and conclusory allegations of a conspiracy.   "It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).   "For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship

8

or nature of the conspiracy between the [Defendants]." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *see also Van Bethel v. Carter*, No. 5:12–cv–01153–RDP–HGD, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012) ("Allegations of conspiracy must be specific and based upon facts rather than conclusions.").   To state a conspiracy claim under § 1983, a plaintiff must (1) show that the defendants had a "meeting of the minds" or reached an understanding to violate his rights and (2) prove an actionable wrong to support the conspiracy.   *Bailey v. Bd. of Cnty. Comm'rs of Alachua County, Fla*., 956 F.2d 1112, 1122 (11th Cir.1992).   Thus, the "naked assertion of a conspiracy ... without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability. *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984).

Plaintiff's Complaint does not offer any details as to when or how an agreement among any Defendants may have been reached.   Plaintiff's conclusory statements that Defendants conspired against him are not enough to state a claim.   *See Iqbal*, 556 U.S. at 663 ("Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."); *Fullman*, 739 F.2d at 556–57 ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").   For these reasons, it is **RECOMMENDED** that Plaintiff's conspiracy claims be **DISMISSED** without prejudice for failure to state a claim.

D. <u>Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").</u>

   <u>Claims</u>

Plaintiff also vaguely alleges that the Defendants have violated the ADA and RA.

ECF No. 1 at 4 and 10.   Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   42 U.S.C. § 12132.   The RA similarly provides that, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."   29 U.S.C. § 794(a). To state a claim under the ADA or RA,

> a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty*., 480 F.3d 1072, 1083 (11th Cir. 2007).

The first element that a Plaintiff must satisfy in an ADA or RA claim is that he has a "disability". "The term 'disability' means, with respect to an individual": (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) an individual regarded as having such an impairment".[3]   *Kay v. Lester Coggins Trucking, Inc*., 141 F. App'x 824, 826 (11th Cir. 2005) (citing 42 U.S.C. § 12102(2)).   "Major life activities under the ADA

---

[3] Pursuant to 42 U.S.C. § 12102(3). the "being regarded as having such an impairment" category "shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B).

are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.,* 438 F.3d 856, 861 (8th Cir.2006) (quoting 29 C.F.R. § 1630.2(i)).

Plaintiff has made no allegations regarding what his alleged disability is or why he should be considered a "qualified person" under the ADA. Therefore, it is **RECOMMENDED** that Plaintiff's ADA and RA claims be **DISMISSED** without prejudice for failure to state a claim.

### E. Claims regarding the prison grievance process

Several of Plaintiff's claims against the Defendants are rooted in Plaintiff's contention that he did not receive responses to his grievances. *See* ECF No. 1 at 4, 8, 10-12. Prisoners do not have a constitutional right to participate in grievance procedures, to have those procedures properly followed, or to any preferred outcome to a filed grievance. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (citations omitted) (affirming dismissal as frivolous prisoner's claims that he was denied use of the prison's grievance procedure and holding that an inmate has no constitutionally-protected liberty interest in access to that procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). To the extent that Plaintiff raises a §1983 claim against the Defendants based on his inability to access the grievance procedure or contends that he has a constitutional interest in a particular outcome of the grievance process, Plaintiff fails to state a claim for relief.

Accordingly, it is **RECOMMENDED** that Plaintiff's claims regarding the grievance process be **DISMISSED** without prejudice for failure to state a claim.

F.   Deliberate Indifference to a Serious Medical Need Claim

To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."   *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).   The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.   In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (alteration in original) (internal quotation marks and citations omitted).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that his own conduct put the inmate at substantial risk of serious harm"; (2) disregarded that risk; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'"   *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).   Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[I]mputed or collective

knowledge cannot serve as the basis for a claim of deliberate indifference.    Each individual defendant must be judged separately and on the basis of what that person kn[ew].'"    *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (alterations in original) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)).    To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm."    *Wade*, 106 F.4th at 1255.

The final prong simply requires "that a defendant have a causal connection to the constitutional harm."    *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted) (explaining that "as with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct").

Plaintiff raises a deliberate indifference to medical needs claim against all Defendants.    For the reasons set forth above, it has been recommended that any and all claims against Defendants Unknown DOC Medical Provider, Unknown DOC Contract Monitor, Unknown Grievance Officer, Unknown Georgia Department of Corrections Dentists and/or Medical Providers, Warden Pham, and Commissioner Oliver be dismissed on other grounds.    This leaves Geo Group, Inc. ("GEO"), Health Services Administrator Colman, and Dentist Ruth as the remaining Defendants to Plaintiff's deliberate indifference to a serious medical need claim.

*Defendant GEO*

Plaintiff alleges that because GEO "operates Riverbend CF and has contracted with

Ga. D.O.C to hold prisoners," they are required "to provide dental treatment to prisoners." ECF No. 1 at 4.   He complains that "for nearly 8 months from 2022-2023 there was no dentist or dental treatment at Riverbend".   *Id.*   Defendant GEO, as a corporation contracted by the State of Georgia to house state prisoners at Riverbend, is the "functional equivalent" of the government entity it serves by virtue of the state function it performs. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). As such, Defendant GEO receives the same protection from vicarious liability or *respondeat superior* claims as a traditional state actor. *Monell v. Dep't of Soc. Servs. of NY*, 436 U.S. 568, 691 (1978).   Thus, for Plaintiff's deliberate indifference to a serious medical need claim against GEO to survive, he must show: (1) a violation of his constitutional rights; (2) that GEO had a policy or custom that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To establish a policy, a plaintiff must identify either (1) an officially promulgated policy or (2) an unofficial custom or practice shown through the repeated acts of a final policymaker. *Glech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing *Monell*, 436 U.S. at 690–91, 694); *see also Hunter v. Riverbend Corr. Facility*, No. 22-11599, 2023 WL 6389817, at *5 (11th Cir. Sept. 29, 2023), *cert. denied sub nom. Hunter v. Morris*, 145 S. Ct. 557 (2024) quoting *McDowell*, 392 F.3d at 1289 ("[T]o demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'").   "[P]roof of a single incident of unconstitutional activity is not sufficient to demonstrate a policy or custom for purposes of § 1983 liability."   *Ireland v. Prummell*, 53 F.4th 1274, 1290 (11th Cir. 2022).

Here, Plaintiff has not sufficiently alleged a custom or policy on behalf of Defendant GEO that caused the alleged constitutional violation.   At best, he has shown that GEO had understaffed medical care at Riverbend but understaffing does not rise to the level of an Eighth Amendment violation absent evidence of a "deliberate intent to inadequately staff" the facility. *See McDowell*, 392 F.3d at 1291.   Accordingly, it is **RECOMMENDED** that Plaintiff's deliberate indifference to a serious medical needs claim against GEO be **DISMISSED without prejudice** for failure to state a claim.

### *Defendants Colman and Ruth*

Plaintiff complains that both Defendants and Colman have failed to provide him with the dental care and oral surgery that he needs.   ECF No. 1 at 6 and 9-10.   "In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow*, 320 F.3d at 1243-44.   Plaintiff claims that due to his lack of dental care, he has experienced "excruciating pain," difficulty eating and his "teeth and jawbone are deteriorating."   ECF No. 1 at 6 and 10.   The Court thus finds that Plaintiff has satisfied the objective element of his claim.

As to the subjective element, "[w]hen the deliberate indifference claim turns on a delay in treatment, we consider '(1) the seriousness of medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'"   *Blanchard v. White Cnty. Det. Ctr. Staff*, 262 F. App'x 959, 963-964 (11th Cir. 2008) (quoting *Goebert,* 510 F.3d at 1327).   Plaintiff's claims that Defendant Ruth and Colman's delay in providing him dental treatment have worsened his condition.   ECF No. 1 at 6 and 9-10.   At this

early stage of the litigation and given these allegations, the Court cannot say that Plaintiff's deliberate indifference to a serious medical need claims against Defendants Colman and Ruth are necessarily frivolous or otherwise fail to state a claim.  As such, these claims shall be allowed to proceed for further factual development against these Defendants.

G. <u>Retaliation Claim against Defendant Colman</u>

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).   A prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action.  *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).   "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights."  *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005).   A plaintiff does not have to show that his own exercise of his rights has been chilled, only that a jury could find that the acts would chill a person of ordinary firmness. *Id.* at 1254-55.   In *Pittman v. Tucker*, 213 F. App'x 867, 868 (11th Cir. 2007) (per curiam), the plaintiff alleged that prison officers threatened him with physical violence to deter him from filing grievances. In particular, one of the officers threatened that "something drastic" would happen if Plaintiff continued to file grievances.   *Id.* at 870.   The Eleventh Circuit held that "a reasonable jury could find that the threat, if made, was sufficient to deter a person of ordinary firmness from filing additional grievances" because the person who

16

made it "held a position of significant authority and his job involved reviewing grievances." *Id.* at 871.

Plaintiff alleges that after "submitting numerous requests for dental treatment and filing grievances, [he] was summoned to Def. Colman's office." ECF No. 1 at 6. Plaintiff complains that Defendant Colman withheld Plaintiff's dental treatment because Plaintiff filed grievances and refused to withdraw them. *Id.* As the Court must liberally construe Plaintiff's claim and read all allegations in his favor, Plaintiff may proceed with his First Amendment claim of retaliation against Defendant Colman further factual development.

## IV.    Conclusion

For all the reasons set forth, Plaintiff will be allowed to proceed on his deliberate indifference to serious medical needs claim against Defendants Ruth and Colman for further factual development. Plaintiff's retaliation claim against Defendant Colman will also be allowed to proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED** without prejudice for failure to state a claim for which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to

the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Because Plaintiff is not proceeding *in forma pauperis* in this case, and the Court has found that Plaintiff made colorable constitutional violation claims against Defendants Dentist Ruth and HSA Colman, it is **ORDERED** that Plaintiff serve these Defendants and that they file an Answer, or such other response as may be appropriate under Federal Rule or Civil Procedure 12, 28 U.S.C. § 1915, and the PLRA.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Federal Rule of Civil Procedure 4(d).

Plaintiff must secure service upon these Defendants in accordance with the provisions of Federal Rule of Civil Procedure 4.  The Court is providing Plaintiff with a Rule 4 Service Package, which contains instructions, the necessary forms to use for waiver of service, and a copy of Federal Rule Civil Procedure 4.  While Plaintiff may request a waiver of service of summons from Defendants in accordance with Federal Rule of Civil Procedure 4(d), if Defendants do not waive service, Plaintiff must arrange for service by a person authorized to make service under Federal Rule of Civil Procedure 4(c).  In accordance with Federal Rule of Civil Procedure 4(m), failure to achieve service within

18

ninety (90) days after filing of the Complaint may result in dismissal of this case.   If Plaintiff is financially unable to arrange for service of process, he may submit a motion to the Court in which he (1) explains to the Court what efforts he made to perfect service and (2) includes an affidavit in support of his claim of indigence, along with a certified copy of his trust fund account statement (or institutional equivalent) for the previous six-month period.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 22nd day of July, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge